UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOLLY C.,

                        Plaintiff,

v.                                                     CASE NO. 1:21-cv-593 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | IDA M. COMERFORD, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | MICHAEL P. CORONA, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on August 20, 1980, and has at least a high school education. (Tr. 201).  Generally, plaintiff's alleged disability consists of anxiety, depression, memory issues, Attention Deficit Disorder (ADD), right ankle issues, panic attacks, trouble focusing and concentrating, and heavy breathing. (Tr. 206). Her alleged disability onset date is March 20, 2014. (Tr. 201). Her date last insured was September 30, 2016. (Tr. 202).

   B.  **Procedural History**

On February 26, 2015, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act, and on March 10, 2015, applied for Disability Insurance Benefits (DIB) under Title II of the Act.  (Tr. 172-84). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ).  On July 27, 2017, plaintiff appeared before ALJ Timothy McGuan. (Tr. 686-710). On October 10, 2017, ALJ McGuan issued a written decision finding plaintiff not disabled under the Social Security Act.  (Tr. 711-30).  On September 28, 2018, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 736-38). Thereafter, plaintiff timely sought judicial review in this Court. On January 24, 2020, the parties stipulated to a remand under sentence four of 42 U.S.C. § 405(g). (Tr. 783-84). A second hearing was held telephonically before ALJ McGuan on December 9, 2020. (Tr. 662-85). On January

20, 2021, ALJ McGuan issued another unfavorable decision. (Tr. 635-54). Plaintiff proceeded directly to this Court.

  **C. The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since March 20, 2014, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: a variety of diagnoses of mental impairments including an attention deficit disorder ("ADD"), a bipolar disorder, an unspecified anxiety disorder, post-traumatic stress disorder ("PTSD"), a panic disorder, and a depressive disorder; and advanced degenerative joint disease of the right ankle (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently squat, crouch, kneel, and crawl. The claimant needs to alternate between sitting and standing each hour. The claimant can perform simple, unskilled work of a routine and repetitive nature. She can occasionally interact with the public and have constant interaction with co-workers and supervisors.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 20, 1980 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 20, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

12. Substance abuse is not material to the issue of disability.

(Tr. 635-54).

## II.     THE PARTIES' BRIEFINGS

### A.     Plaintiff's Arguments

Plaintiff makes essentially one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ impermissibly relied on his lay interpretation of medical evidence because he did not assign significant weight to any medical opinion and the RFC was not directly supported by opinion evidence. (Dkt. No. 7 at 14 [Pl.'s Mem. of Law].)

### B.     Defendant's Arguments

In response, defendant asserts that the ALJ's RFC finding was supported by substantial evidence and the RFC did not need to mirror a medical opinion. (Dkt. No. 8 at 6-22 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health*

*& Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other

words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff argues that since the ALJ was not "persuaded" by any of the medical opinions, the RFC was left unsupported by substantial evidence.[1] (Dkt. No. 7 at 15).

---

[1] As an initial matter, there was a change in the rules pertaining to the ALJ's assessment of medical source opinions effective March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017); see also 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Essentially the regulations changed the requirement of ALJs to weigh opinion evidence to now articulate the persuasiveness of medical opinions. However, it is the prior regulations that apply to this claim. Therefore, plaintiff's arguments about persuasion and persuasiveness are confusing provided that the ALJ was only required to weigh the opinions under the applicable regulations.

Similarly, plaintiff asserts there was an evidentiary deficit because the ALJ did not find any opinion persuasive. (*Id.*). However, the ALJ properly adopted limitations from the medical opinion evidence in the record and included additional RFC limitations supported by substantial evidence. Therefore, the court finds plaintiff's arguments are without merit.

Plaintiff's contention that the RFC must be tied to a medical opinion in the record is at odds with both the Commissioner's regulations, which have never required the RFC assessment to be based on a medical opinion, and with recent Second Circuit precedent, which is abundantly clear that the ALJ is permitted to independently evaluate raw medical data and arrive at an RFC finding that need not mirror a medical opinion in the record. The regulations plainly state that the ALJ, as opposed to a medical source, is "responsible for assessing [a claimant's] residual functional capacity." *See* 20 C.F.R. §§ 404.1520b(c)(3)(v), 404.1546(c), 416.920b(c)(3)(v), 416.946(c). Consistent with the regulations, Social Security Ruling 96-8p lists medical opinions as one of eleven types of evidence to consider in assessing the RFC and assigns no priority to medical opinion evidence. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). Moreover, the regulations direct the ALJ to assess the RFC "based on all the relevant evidence in your case record," including "medical evidence." *See* 20 C.F.R. §§ 404.1527, 404.1545(a)(3), 404.1546(c), 416.927, 416.945(a)(3), 416.946(c).

In keeping with the regulations, the Second Circuit has affirmed the Commissioner in multiple cases in which the ALJ assessed an RFC finding without relying on a medical source opinion. In *Schillo v. Kijakazi*, the Second Circuit affirmed the Commissioner in a case where the ALJ gave only limited weight to every opinion in the record and assessed an RFC that did not match any opinion in the record. 31 F.4th 64, 78 (2d Cir. 2022). The

Second Circuit noted that the ALJ bears the "final responsibility" for assessing a claimant's RFC, and explicitly rejected the notion that it must be based on a medical opinion. (*Id*. at 78). Similarly, in *Monroe v. Comm'r of Soc. Sec.*, the Second Circuit affirmed where the ALJ gave little weight to the only treating source opinion of record, and rejected the notion that remand was warranted simply because "there was no competent medical opinion that supported the ALJ's RFC determination." 676 F. App'x 5, 7-8 (2d Cir. 2017).

Plaintiff makes no attempt to discuss the wealth of Second Circuit caselaw conclusively rejecting the notion that an RFC finding must be based on a medical opinion. Rather, plaintiff cites to a host of dated district court cases holding that an RFC finding must be based upon a medical opinion. (Dkt. No. 7 at 14-15). Crucially, these cases were decided prior to the Second Circuit's decision in *Schillo*, in which the Second Circuit explicitly rejected the argument plaintiff makes here. 31 F.4th at 78.

In the present case, the ALJ formulated the RFC based on opinion evidence, examination findings, plaintiff's activities, and treatment history. (Tr. 633-52). Contrary to plaintiff's argument, the ALJ did rely, in part, on the opinions of consultative examiner Dr. Lin and State agency review psychologist Dr. Kleinerman. To be sure, the opinions of consultative examiners and State agency consultants can constitute substantial evidence. *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983). Notably, the plaintiff did not allege any error in how the ALJ evaluated the opinion evidence of record.

ALJ McGuan reasonably afforded some weight to consultative examiner Dr. Lin's opinion that plaintiff was capable of following and understanding simple directions and instructions, performing simple tasks independently, maintaining a regular schedule,

learning new tasks, making appropriate decisions, and relating adequately with others, but was moderately limited in maintaining attention and concentration, performing complex tasks independently, and appropriately dealing with stress. (Tr. 652, *referring to* Tr. 482). ALJ McGuan explained he only accorded some weight to the opinion because it did not consider plaintiff's complaints of social anxiety and occasionally poor judgement. (Tr. 652).

The ALJ also duly discussed the opinion of State agency review psychologist Dr. Kleinerman, who opined that plaintiff was able to carry out simple instructions in a lower stress environment. (Tr. 652; *see* Tr. 72, 86). Dr. Kleinerman indicated that plaintiff was moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers, respond appropriately to changes in the work setting, set realistic goals, or make plans independently of others. (Tr. 652, *referring to* Tr. 66-67, 80-81). The ALJ reasonably afforded Dr. Kleinerman's meticulous opinion some weight as it was generally consistent with the mostly normal mental status examinations, but again the opinion did not fully consider plaintiff's subjective complaints regarding her social anxiety. (Tr. 652).

ALJ McGuan considered the opinion of internal consultative examiner Dr. Rosenberg as well in formulating the RFC. (Tr. 651). The ALJ accorded some weight to

his opinion that plaintiff should avoid smoke, dust, and other known respiratory irritants and that she had mild to moderate restrictions for activity that involved prolonged standing and walking secondary to her mild to moderate right hip pain and mild right ankle pain. (Tr. 651, referring to Tr. 487). However, the ALJ noted that the limitations were not consistent with plaintiff's lack of treatment and essentially normal physical examinations. (Tr. 651, *referring to* Tr. 303-30, 484-87, 609-34, 916-1037, 1045-1211, 1215-24). Indeed, the ALJ noted that it was only during Dr. Rosenberg's examination that plaintiff exhibited a limp favoring the right leg, an inability to walk on her heels, and tenderness and decreased motion of her right hip and right ankle. (Tr. 648, *referring to* Tr. 484). Plaintiff reported that her pain increased with walking, standing, and bending, but, notably, she reported to Dr. Rosenberg that sitting had no effect on her symptoms. (Tr. 648, *referring to* Tr. 484). The ALJ's determination to only give the opinion some weight is warranted as it was not entirely consistent with the overall record showing generally benign examination findings. *See* C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). Furthermore, a finding of light work is consistent with the mild to moderate restrictions opined by Dr. Rosenberg. *See* White v. Berryhill, 753 F. App'x 80, 82 (2d Cir. 2019) (rejecting an argument that moderate limitations precluded an RFC finding for light work). The ALJ adopted all the moderate limitations assessed by Drs. Lin and Kleinerman but appropriately found greater limitations in the ability to interact with others. (Tr. 652). Accounting for plaintiff's subjective complaints of social anxiety, the ALJ further restricted plaintiff to only occasional interaction with the public and constant interaction with co-workers and supervisors. (Tr. 646, 652). *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649

("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record.").

These limitations in social interactions are only portions of the RFC not mirrored in the opinion evidence. Here, the ALJ permissibly relied on other evidence in the record and not lay opinion as alleged by plaintiff. *See Monroe*, 676 F. App'x at 8-9 (finding RFC made without the benefit of a medical opinion was nevertheless well-supported where it was based on analysis of treatment notes and Monroe's activities during the relevant period). As the ALJ acknowledged, while plaintiff alleged social anxiety, she also admitted taking public transportation when she did not have a ride and shopping in stores once per month. (Tr. 645, *referring to* Tr. 225-27, 481, 485). Further, plaintiff indicated that she often relied on friends and family to drive her to various destinations due to a revoked license, thus evidencing her ability to interact with others. (*See* Tr. 644, *referring to* Tr. 50, 222, 481, 975). ALJ McGuan also considered that plaintiff participated in support groups with no difficulty approximately four times per month. (Tr. 645, *referring to* Tr. 582-92, 922-1020, 1177-1212). In sum, the ALJ reviewed the record as a whole to assess the degree of limitation in social interactions due to social anxiety complaints.

Additionally, the ALJ considered the opinion of Nurse Practitioner Turk that plaintiff had some limitations for understanding, remembering, and sustaining concentration, persistence, and pace, and limited adaptation, but had no limitations in her ability to interact with others. (Tr. 651-52, *referring to* Tr. 471-73). While ALJ McGuan noted that NP Turk was not an acceptable medical source under the regulations (20 C.F.R. §§ 404.1502, 416.902 (nurse practitioners not included in list of acceptable medical sources for claims filed before March 27, 2017)), he nonetheless considered the opinion and

afforded it some weight but concluded it was inconsistent with the mental status examinations, which were generally unremarkable. (Tr. 652; *see e.g.*, Tr. 277, 281, 285, 291, 294, 297, 300, 341, 350, 353, 474, 477, 479-83, 490, 492-94, 582-89, 603-07, 1005-06, 1024, 1028, 1032, 1036, 1046, 1049, 1180-92, 1198-1210, 1218, 1222, 1233-34).

Plaintiff advances the argument that her bipolar disorder excuses her from being compliant with medications and therefore the ALJ erred in considering non-compliance when formulating the RFC. (Dkt. No. 7 at 17). Plaintiff merely relies on the ALJ's list of severe impairments for her argument and does not cite any medical evidence of symptoms or treatment beyond the Axis I diagnosis listed on a form from the unacceptable medical source NP Turk. (Dkt. No. 7 at 17, Tr. 491). Further, the ALJ was permitted to consider plaintiff's treatment when assessing the RFC, and in doing so did not hold instances of non-compliance against her. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v)(medication and treatment received are considered when evaluating the intensity and persistence of a claimant's symptoms).

Plaintiff also asserts the ALJ erred by not exhaustively listing all of her severe mental impairments. (Dkt. No. 7 at 16). Here, the pivotal issue is that plaintiff fails to identify a diagnosis in the record which the ALJ should have included. (*Id*.). It is well established that the burden of proof is on the plaintiff to prove disability within the meaning of the Social Security Act. *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). The ALJ did list the severe impairments of ADD, bipolar disorder, an unspecified anxiety disorder, PTSD, a panic disorder, and a depressive disorder. (Tr. 641). ALJ McGuan noted that, regardless of label, he considered all symptoms and limitations stemming from all her impairments at all steps of the sequential evaluation. (*Id*.; *see Prince v. Astrue*,

514 F. App' x 18, 20 (2d Cir. 2013) (it is not an individual's diagnoses alone, but their resultant limitations, which are material to evaluating disability under the Act).

In sum, plaintiff argues that the RFC assessment is not supported by substantial evidence because it is not based wholly upon a medical opinion, however as discussed above there is no merit to plaintiff's argument. The ALJ properly assessed the RFC on the basis of the longitudinal record, including examination findings, opinions from Drs. Lin and Kleinerman, and plaintiff's functioning during the relevant period. No medical source opinion in the record assessed more restrictive mental limitations than those accounted for in the RFC. While plaintiff argues that it was error for the ALJ to make an RFC determination after affording no more than some weight to every opinion, the ALJ permissibly found that plaintiff was more restricted than the doctors assessed, which is not cause for remand. *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("[T]he fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand.").

ACCORDINGLY, it is

    ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is
        DENIED; and it is further

    ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is
        GRANTED; and it is further

    ORDERED that Plaintiff's unfavorable determination is AFFIRMED.

Dated: March 5, 2024
Rochester, New York

<u>J. Gregory Wehrman</u>
HON. J. Gregory Wehrman
United States Magistrate Judge